1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CODY HART et al.,

                          Plaintiffs,

        v.

LISA JANICKI et al.,

                       Defendants.

CASE NO. 2:23-cv-00832-MJP

ORDER AFFIRMING DENIAL OF
RECUSAL (DKT. NO. 15)

       This matter comes before the Court on Judge Marsha Pechman's order (Dkt. No. 15)

denying Plaintiffs' motion for recusal pursuant to 28 U.S.C. § 455(a) (Dkt. No. 10).[1]  Local Civil

Rule 3(f) provides that whenever a judge in this District declines to voluntarily recuse

themselves from a case following a party's motion to recuse pursuant to 28 U.S.C. § 144 or 28

U.S.C. § 455, "he or she will direct the clerk to refer the motion to the chief judge."

---

[1] In two other cases currently before Judge Pechman, Plaintiffs have filed motions to recuse that
are identical in substance to the motion here. *Hart et al. v. McDermott et al.*, Case No. 2:23-cv-
00503-MJP (Dkt. No. 32); *Hart et al. v. Weyrich et al.*, Case No. 2:23-cv-00884-MJP (Dkt. No.
17).  Accordingly, this Court's reasoning applies to all three of Plaintiffs' motions to recuse.

1        28 U.S.C. § 455(a) requires that a judge recuse herself "in any proceeding in which [her]

2 impartiality might reasonably be questioned."  "Recusal is appropriate where 'a reasonable

3 person with knowledge of all the facts would conclude that the judge's impartiality might

4 reasonably be questioned.'"  *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993)

5 (internal citation omitted).

6        Plaintiffs advance three bases for recusal, arguing that each supports finding that Judge

7 Pechman's impartiality may reasonably be questioned under 28 U.S.C. § 455(a).[2]  Because the

8 reasoning proffered by Plaintiffs relates exclusively to the fact that Judge Pechman presided over

9 cases brought by Plaintiffs in the past, Plaintiffs' motion fails.

10        Plaintiffs first assert that recusal is warranted because Judge Pechman's "repeated"

11 rulings against Plaintiffs in earlier cases "show[] undeniable bias and prejudice."  (Dkt. No. 10 at

12 4.)  However, prior adverse rulings are not sufficient to show bias; rather, "prejudice must result

13 from an extrajudicial source."  *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984); *see also*

14 *United States v. Azhocar*, 581 F.2d 735, 739 (9th Cir. 1978) ("There is [] no merit to [] claim[s]

15 of bias based on adverse rulings.").  Accordingly, Plaintiffs may not rely on Judge Pechman's

16 prior rulings as a proper ground for recusal.

17        Plaintiffs further argue—in an apparent reference to the recusal requirements under 28

18 U.S.C. § 455(b)(1)—that Judge Pechman must recuse herself given her "personal knowledge of

19 disputed evidentiary facts concerning the proceedings."  (Dkt. No. 10 at 4.)  But Plaintiffs have

20 not shown that any knowledge of Judge Pechman related to the allegations in this matter is

21

22      ———————————

[2] Plaintiffs also raise 29 C.F.R. § 2200.68 as authority for their motion to recuse.  However, 29
23 C.F.R. § 2200.68 concerns recusal in the context of Occupational Safety and Health Review
Commission hearings rather than in federal court.  Accordingly, this Court will analyze Plaintiffs'
24 motion to recuse only under 28 U.S.C. § 455.

1  personal in nature, rather than acquired by Judge Pechman in her judicial capacity.  *United States*

2  *v. Johnson*, 610 F.3d 1138, 1147 (9th Cir. 2010) ("[I]nformation acquired by the court in its

3  judicial capacity will rarely support recusal"); *United States v. Winston*, 613 F.2d 221, 223 (9th

4  Cir. 1980) ("[R]ecusal is appropriate only when the information is derived from an extra-judicial

5  source").  Plaintiffs' motion only alludes to Judge Pechman's exposure to similar allegations

6  made by Plaintiffs in earlier cases.  (Dkt. No. 10 at 2, 4.)  As a judge's familiarity with

7  allegations from prior proceedings does not equate to a judge's personal knowledge of the facts

8  underlying those allegations, Plaintiffs' argument in favor of recusal fails.  *See United States v.*

9  *Ashurst*, 1997 WL 414578, at *1 (9th Cir. 1997).

10       Finally, Plaintiffs assert that Judge Pechman "is anticipated to be called as a witness to

11  testify regarding certain alleged crimes committed within [her courtroom]" (Dkt. No. 10 at 2),

12  seemingly but not expressly invoking 28 U.S.C. § 455(b)(5)(iv), which requires that a judge

13  recuse herself if, "to the judge's knowledge," the judge is "likely to be a material witness in the

14  proceeding."  Despite not identifying the "crimes" allegedly witnessed, Plaintiffs appear to take

15  issue with the appearance of an attorney opposite Plaintiffs in earlier litigation before Judge

16  Pechman, as they allege that this attorney "was not lawfully authorized" to represent the

17  opposing party.  (Dkt. No. 10 at 4.)

18       Under these circumstances, Plaintiffs have not advanced facts to raise even a possibility

19  that Judge Pechman would be a material witness in this matter.  In particular, Plaintiffs did not

20  show that testimony regarding the appearance of an attorney in a different case would be

21  remotely relevant to their complaint in the present case.  *See Kern v. Moulton*, 2012 WL

22  1682026, at *5 (D. Nev. May 11, 2012) (denying a motion for disqualification when the events

23  allegedly witnessed by the judge were irrelevant to the underlying litigation).  And in any event,

24

Plaintiffs have not shown that Judge Pechman witnessed any events beyond those in the record. *In re Ball*, 2006 WL 2038641, at *5 (D. Ariz. Apr. 5, 2006) (finding recusal was not required when a judge was not a witness to any facts outside of the record); *see also United States v. Johnson*, 610 F.3d 1138, 1147 (9th Cir. 2010); *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 566–67 (9th Cir. 1995).

As each of Plaintiffs' arguments in support of recusal are without merit, this Court AFFIRMS Judge Pechman's denial of Plaintiffs' motion to recuse.

DATED this 4th day of August 2023.

David G. Estudillo
United States District Judge