UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CODY HART, et al.,<br><br>               Plaintiffs,<br><br>   v.<br><br>LISA JANICKI, et al.,<br><br>              Defendants. | CASE NO. C23-832 MJP<br><br>ORDER DENYING PLAINTIFFS' MOTION FOR CONTEMPT AND MOTIONS TO DISQUALIFY |

This matter comes before the Court on Plaintiffs' Motion for Contempt (Dkt. No. 11) and two Motions to Disqualify (Dkt. Nos. 13, 20). Having reviewed the Motions and all supporting materials, the Court DENIES the Motions.

**BACKGROUND**

**A.    Motion for Contempt**

In their Motion for Contempt, Plaintiffs seek an "order of criminal contempt, pursuant to Federal Rule of Civil Procedure 42(b)" for alleged violations of "18 U.S.C. § 1001, and 18 U.S. Code § 402." (Mot. for Contempt at 1 (Dkt. No. 11).) Plaintiffs believe that Defendants' counsel,

Deputy Skagit County Prosecutor, Erik Pedersen, lacks authority to represent Defendants. They believe that the Skagit County Prosecuting Attorney, Richard Weyrich, and Pedersen failed to obtain and deposit a public bond before January 1, 2023 and that this caused Weyrich to vacate his office. Plaintiffs then argue that if Weyrich was no longer in office, he could not appoint Pedersen as counsel and that Pedersen therefore lacks authority to represent Defendants.

Plaintiffs have submitted a Request for Judicial Notice and cite to its exhibits in support of the Motion for Contempt. (See Memorandum ISO Mot. for Contempt (Dkt. No. 12), and Plaintiffs' Request for Judicial Notice (RJN) (Dkt. No. 14).) One of the exhibits that Plaintiffs ask the Court to consider is Weyrich's public bond, which was obtained on December 27, 2022 and deposited with Skagit County on February 1, 2023. (RJN Ex. 10 (Dkt. No. 14 at 32-34).)

**B.    Motions to Disqualify**

Plaintiffs seek to disqualify the Skagit County Prosecuting Attorney and Erik Pederson, an attorney for the Skagit County Prosecuting Attorney, on the theory that they have a conflict of interest under Washington Rule of Professional Conduct 1.7 that prevents them from representing Defendants. Plaintiffs argue that it the Prosecuting Attorney cannot represent Defendants because doing so is outside of the Prosecuting Attorney's powers and would be a misuse of public funds, particularly since they believe the County did not timely authorize the representation.

## ANALYSIS

**A.    Motion for Contempt**

There are several problems with Plaintiffs' Motion for Contempt. First, Plaintiffs invoke two sections of Title 18 of the United States Code, which are federal criminal statutes. Plaintiffs lack standing to enforce federal criminal laws. Allen v. Gold Country Casino, 464 F.3d 1044,

1048 (9th Cir. 2006) (no private right of action for violation of criminal statutes). Second, even if Plaintiffs did have standing, they have failed to show any criminal action. There is no merit to Plaintiffs' theory that Weyrich lacked a bond and therefore vacated his office. Weyrich obtained a bond before January 1, 2023, though he deposited it with the County on February 1, 2023. The fact that the bond was deposited after January 1, 2023, does not mean he vacated his office under RCW 42.12.010(6). As the Washington Supreme Court has held, not even the failure to obtain a bond supports a finding of vacancy unless there is also evidence of "intended to violate the law or wilfully [sic] failed to perform his duty to secure a bond." Recall of Sandhaus, 134 Wn.2d 662, 670 (1998). Here, the bond was obtained and there is no evidence that Weyrich intentionally or willfully violated the requirement to deposit them before January 1, 2023. This undermines Plaintiffs' claim that Weyrich violated any provision RCW Title 42 or vacated his office. His appointment of Pedersen as deputy is not invalid. Third, Pedersen, as a deputy prosecutor, was not required to obtain a public bond under RCW 36.16.050 and -.060 because the bonding requirement applies only to officers. "A deputy county clerk is not a county officer." Nelson v. Troy, 11 Wash. 435, 442 (1895); see also Lee ex rel. Office of Grant Cnty. Prosecuting Attorney v. Jasman, 183 Wn. App. 27, 48 (2014). Accordingly, this theory lacks merit.

The Court finds no merit in Plaintiffs' Motion for Contempt, and DENIES it.

**B.  Motions to Disqualify**

Washington courts are reluctant to disqualify an attorney absent compelling circumstances. Pub. Util. Dist. No. 1 of Klickitat Co. v. Int'l Ins. Co., 124 Wn.2d 789, 812, 881 P.2d 1020 (1994). Disqualification is considered "a drastic measure which courts should hesitate to impose except when absolutely necessary." United States ex rel. Lord Elec. Co., Inc. v. Titan

1  Pac. Constr. Corp., 637 F. Supp. 1556, 1562 (W.D. Wash. 1986) (citing Freeman v. Chicago

2  Musical Instrument Co., 689 F.2d 715, 721 (7th Cir. 1982)).

3        This Court's Local Civil Rule 83.3 (a)(2) directs that "attorneys appearing in this district

4  shall . . . comply with . . . the Washington Rules of Professional Conduct (RPC)." Rule 1.7

5  states, in full:

> (a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:
>
> (1) the representation of one client will be directly adverse to another client; or
> (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.
>
> (b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if:
>
> (1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;
> (2) the representation is not prohibited by law;
> (3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and
> (4) each affected client gives informed consent, confirmed in writing (following authorization from the other client to make any required disclosures).

RPC 1.7.

      Plaintiffs argue that the Skagit County Prosecutor and Pedersen cannot represent Defendants because doing so is prohibited by law and therefore in violation of RPC 1.7(b)(2). (Mot. to Disqualify at 4 (Dkt. No. 33).) The argument misses the mark. RPC 1.7 deals with conflicts of interest, and Plaintiffs have not identified any conflict of interest. This is fatal to their motion. Moreover, Plaintiffs have not shown how the representation is prohibited by law. Skagit County Code permits Skagit County to "provide legal services for the defense of any of its

officers, employees or volunteers when a lawsuit against them arises out of an official act or omission if the requirements of this section are met." Skagit County Code (SCC) 2.20.030(1). And the defense may be provided in cases such as the one Plaintiffs have filed, which arise out of "acts or omissions occurring during their tenure of office or employment." SCC 2.20.030(2). Plaintiffs suggest that the defense is improper because the Skagit County Code forbids the County to "defend a charge of official misconduct, willful misconduct or to defend the right to hold office." SCC 2.20.030(2). But Plaintiffs' complaint does not constitute a charge of official or willful misconduct or the right to hold office. Though undefined in the Skagit County Code, the term "charge" is generally understood to mean "[a] formal accusation of an offense as a preliminary step to prosecution." CHARGE, Black's Law Dictionary (11th ed. 2019). Plaintiffs' complaint does not constitute a preliminary step to prosecution, given that Plaintiffs are citizens without the authority to enforce the criminal code provisions they have identified. And even if their complaint could be considered a "charge," it does not contain colorable allegations of official or willful misconduct or that Defendants are "defend[ing] the right to hold office," as the Court has explained in its separate Order of Dismissal.

The Court also finds no merit in Plaintiffs' argument that it should disqualify the Skagit County Prosecuting Attorney and Pedersen for not obtaining County approval to represent the Defendants. County Commissioners cannot unilaterally hire another attorney because "county boards of commissioners do not possess statutory authority to appoint outside counsel over the objection of an able and willing prosecuting attorney." State ex rel. Banks v. Drummond, 87 Wn.2d 157, 182 (2016) as amended (Feb. 8. 2017). There is thus a presumption that Defendants had to utilize the prosecutor's office for their representation. And the County has authorized the Prosecutor and Pedersen to represent the individuals Plaintiffs have sued under the same or

1 | similar misguided theories. (See RJN Ex. 1 (Dkt. No. 14 at 9-12).) Plaintiffs identify no reason
2 | why such approvals would not be obtained here. The lack of a formal County-level approval,
3 | which may be a state requirement, has not been shown to be grounds for this Court to disqualify
4 | Pederson and the Skagit County Prosecuting Attorney. Plaintiffs have not met their heavy burden
5 | to justify their request.

## CONCLUSION

Plaintiffs' Motion for Contempt and Motions to Disqualify fail to present a colorable basis on which to disqualify defense counsel or hold them in contempt. The Motions are not well founded, and the Court DENIES them.

The clerk is ordered to provide copies of this order to Plaintiffs all counsel.

Dated August 31, 2023.

Marsha J. Pechman
United States Senior District Judge