UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CODY HART, et al.,<br><br>              Plaintiffs,<br><br>    v.<br><br>LISA JANICKI, et al.,<br><br>              Defendants. | CASE NO. C23-832 MJP<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS UNDER RULE 12(B)(1) AND RULE 12(B)(6) AND DENYING PLAINTIFFS' MOTION TO AMEND |

This matter comes before the Court on Defendants' Motion to Dismiss (Dkt. No. 9) and Plaintiffs' Motion For Leave to Amend (Dkt. No. 16). Having reviewed the Motions, and all supporting materials, and noting the lack of any opposition to the Motion to Dismiss and the lack of opposition to the Motion to Amend, the Court GRANTS the Motion to Dismiss and DENIES the Motion for Leave to Amend. The Court DISMISSES this action WITH PREJUDICE.

**BACKGROUND**

Plaintiffs, who appear pro se, allege that Skagit County legislators improperly authorized the Skagit County Prosecuting Attorney to defend various Skagit County officials against whom

1  Plaintiffs filed cases in both Snohomish County Superior Court and this District. (Complaint ¶¶
2  16-27 (Dkt. No. 1).) Plaintiffs allege that the representation was improper because the lawsuits
3  they filed alleged that each official no longer had a right to be in office or receive County-funded
4  defense because they failed to timely deposit public bonds and oaths of office. (Id.) They allege
5  that they were prevented from campaigning for County government because the officials should
6  have, but did not vacate their offices despite their alleged failure to comply with the bonding and
7  oath requirements. (Id. ¶¶ 31-34.)

        Plaintiffs assert ten causes of action: (1) violations of 18 U.S.C. § 47; (2) violations of Skagit County Code 2.20 concerning legal representation of County officials; (3) violations of RCW 42.20.060; (4) violations of RCW 42.20.070; (5) violations of RCW 9A.80.010—official misconduct; (6) violations of the Fourteenth Amendment of the U.S. Constitution; (7) violations of 18 U.S.C. § 245; (8) 18 U.S.C. § 241; (9) 18 U.S.C. § 242; (10) 18 U.S.C. § 1001. (Compl. ¶¶ 35-55.)

        Defendants move to dismiss all of the claims for lack of standing under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

## ANALYSIS

**A.  Legal Standards**

        Defendants move to dismiss for lack of subject matter jurisdiction and for failure to state a claim. Under Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss for lack of subject matter jurisdiction. Upon such a motion, the plaintiff party bears the burden of establishing the court's jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). In contrast, a motion to dismiss for failure to state a claim tests the legal sufficiency

of the claims Under Federal Rule of Civil Procedure 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). In ruling on a Rule 12(b)(6) motion, the Court must accept all material allegations as true and construe the complaint in the light most favorable to the non-movant. Wyler Summit P'Ship v. Turner Broad. Sys., Inc., 135 F.3d 658, 661 (9th Cir. 1998). To survive dismissal, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). And "a district court ruling on a motion to dismiss may consider a document the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies." Parrino v. FHP, Inc., 146 F.3d 699, 705–06 (9th Cir. 1998), superseded by statute on other grounds.

**B.     Subject Matter Jurisdiction**

The Court finds it lacks subject matter jurisdiction over this action because Plaintiffs do not have Article III standing to pursue the claims alleged in this case.

Article III of the Constitution limits the jurisdiction of federal courts to actual "cases" and "controversies." U.S. Const. art. III, § 2. "One element of the case-or-controversy requirement is that plaintiffs must establish that they have standing to sue." Clapper v. Amnesty Int'l USA, 568 U.S. 398, 408 (2013) (internal quotation and citation omitted). To establish standing "a plaintiff must show (1) [they have] suffered an injury in fact that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Friends of the Earth, Inc. v. Laidlaw Envt'l.

Serv. Inc., 528 U.S. 167, 180-81 (2000). "The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements." Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (2016). "[A]t the pleading stage, the plaintiff must clearly allege facts demonstrating each element." Id. (internal quotation and citation omitted). And "a plaintiff cannot establish standing by asserting an abstract general interest common to all members of the public, no matter how sincere or deeply committed a plaintiff is to vindicating that general interest on behalf of the public." Carney v. Adams, ___ U.S. ___, 208 L. Ed. 2d 305, 141 S. Ct. 493, 499 (2020) (citation and quotation omitted).

None of the Plaintiffs has identified any concrete or particularized injury sufficient to confer standing under Article III. First, Plaintiffs fail to identify a personal injury arising out of the use of public funds incurred in the defense of the various County officials Plaintiffs have sued in several different lawsuits. At most, Plaintiffs have identified an injury to a public interest that is common to all members of the public. This is not a basis to satisfy the injury-in-fact requirement of standing. See Carney, 141 S. Ct. at 499. Second, Plaintiffs fail to identify sufficient allegations to support their theory that they suffered an injury to their right to campaign or vote. (See Compl. ¶¶ 31-34; Plaintiffs' Affidavits (Ex. 2 to the Complaint) (Dkt. No. 1-2 at 6-18) (seeking compensation for alleged loss of voting and campaigning rights, but not identifying any inability to have voted or campaigned).) Nowhere have Plaintiffs alleged that they were unable to vote or run for office or that they had any intention to do so. They have therefore failed to identify a concrete or particularized injury necessary to confer standing. And by failing to respond to the Motion to Dismiss, Plaintiffs have failed to provide any explanation or meet their burden to show standing.

1   Based on the allegations in the Complaint and its exhibits, the Court finds that Plaintiffs
2   lack standing to pursue all of their claims. The Court therefore GRANTS the Motion to Dismiss
3   and DISMISSES this action for lack of subject matter jurisdiction.

4   **C.    Plaintiffs Fail to State A Claim**

5   In addition and as an alternative, the Court finds that Plaintiffs have failed to state a claim
6   and that dismissal is also appropriate under Rule 12(b)(6). The Court reviews the pleading
7   defects as to the various federal and state law claims.

8   **1.    No Private Right of Action under Title 18**

9   In addition to lacking standing, Plaintiffs cannot pursue any claims under Title 18 of the
10  United States Code. As private citizens, Plaintiffs cannot enforce the federal criminal code in
11  Title 18. See Allen v. Gold Country Casino, 464 F.3d 1044, 1048 (9th Cir. 2006) (no private
12  right of action for violation of criminal statutes). This is an independent basis on which the Court
13  DISMISSES Plaintiffs' Title 18 claims—the First, Seventh, Eighth, Ninth, and Tenth causes of
14  action. These claims cannot be cured through amendment.

15  The Court DISMISSES these claims under Rule 12(b)(6).

16  **2.    Fourteenth Amendment**

17  Plaintiffs allege that Defendants violated the Fourteenth Amendment by "using the power
18  of Public Office to obstruct the Plaintiffs' complaints in U.S. District Court and Snohomish
19  County cases, and to prevent criminal filing against Public Officials[.]" (Compl. ¶ 46.) Plaintiffs
20  have not articulated a viable theory under the Fourteenth Amendment, particularly since they did
21  not file an opposition to the Motion to Dismiss that might have added some detail to this
22  threadbare allegation. The Court finds no allegations in the complaint that Plaintiffs were
23  obstructed from filing any of the many lawsuits they have commenced. Indeed, just the opposite
24

1  appears to be true, given the volume of materials Plaintiffs have filed in this matter and in the

2  other matters pending in this District that Plaintiffs have filed. Nor are there any cogent

3  allegations that were prevented in making criminal filings. That is unsurprising, since Plaintiffs

4  have not identified any federal or state criminal law that would enable to them to make a

5  criminal complaint as private citizens. The Court finds that this claim is inadequately pleaded

6  and that no facts have been alleged that might support it. The Court also finds that no set of facts

7  could save this claim given that Plaintiffs have not been prevented from filing civil actions and

8  have no right to file criminal complaints. Amendment would be futile.

9  The Court DISMISSES this claim under Rule 12(b)(6).

10  **3.     State Law Claims**

11  Plaintiffs have also failed to allege viable state-law claims even if they had standing to

12  bring them.

13  Plaintiffs have not identified any private right of action to pursue their claims under

14  Skagit County Code 2.20, RCW Title 42, or RCW 9A.08.010. None of the statutes cited include

15  a private right of action to enforce them. This is fatal to Plaintiffs' Second, Third, Fourth, and

16  Fifth causes of action. And this defect also cannot be cured by amendment.

17  The Court DISMISSES all of the state law claims under Rule 12(b)(6).

18  **D.     No Leave to Amend**

19  Although Plaintiffs have filed a Motion for Leave to Amend their complaint, the Court

20  finds no basis to allow the motion or amendment. First, the Motion fails to comply with the

21  Local Civil Rules, which requires the moving party to "attach a copy of the proposed amended

22  pleading as an exhibit to the motion[.]" Local Civil Rule 15. Second, the Motion nowhere

23  indicates what amendments Plaintiffs seek to make or why amendment would be proper. Third,

24

the Court finds that no additional factual allegations could cure the underlying standing defects in the complaint to satisfy the Court's subject matter jurisdiction. All of the rights at issue are too abstract or unenforceable by Plaintiffs. Additionally, no set of facts could cure the pleading defects the Court has identified as to the substance of each federal and state law claim. Amendment would be futile. Because there appear no set of facts that could cure the defects the Court has identified, the Court DISMISSES the claims without leave to amend and DENIES the Motion to Amend.

## CONCLUSION

The Court lacks subject matter jurisdiction over this action given Plaintiffs' lack standing. The Court DISMISSES the claims for lack of jurisdiction under Rule 12(b)(1). Additionally, the Court finds that Plaintiffs have failed to state a claim under state or federal law sufficient to satisfy Rule 12(b)(6). This is an alternative basis on which it DISMISSES the claims. The Court also finds that the defects in the complaint cannot be cured by amendment and therefore DISMISSES this action WITH PREJUDICE and DENIES the Motion to Amend.

The clerk is ordered to provide copies of this order to Plaintiffs and all counsel.

Dated August 31, 2023.

Marsha J. Pechman
United States Senior District Judge