UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CODY HART, et al.,<br><br>        Plaintiffs,<br><br>        v.<br><br>LISA JANICKI, et al.,<br><br>        Defendants. | CASE NO. C23-832 MJP<br><br>ORDER DENYING MOTION FOR RECONSIDERATION AND MOTION FOR CRIMINAL REFERRAL |

This matter comes before the Court on Plaintiffs' Motion for Reconsideration (Dkt. No. 25) and Motion for Criminal Referral (Dkt. No. 26). Having reviewed both Motions and supporting materials, the Court DENIES both Motions.

The Court previously issued an Order dismissing this action with prejudice and without leave to amend. (Order of Dismissal (Dkt. No. 23).) In particular, the Court found that it lacked subject matter jurisdiction over the action because Plaintiffs lacked standing to pursue the claims they alleged. (Id. at 3-5.) The Court explained:

> Article III of the Constitution limits the jurisdiction of federal courts to actual "cases" and "controversies." U.S. Const. art. III, § 2. "One element of the case-or-controversy

> requirement is that plaintiffs must establish that they have standing to sue." Clapper v. Amnesty Int'l USA, 568 U.S. 398, 408 (2013) (internal quotation and citation omitted). To establish standing "a plaintiff must show (1) [they have] suffered an injury in fact that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Friends of the Earth, Inc. v. Laidlaw Envt'l. Serv. Inc., 528 U.S. 167, 180-81 (2000). "The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements." Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (2016). "[A]t the pleading stage, the plaintiff must clearly allege facts demonstrating each element." Id. (internal quotation and citation omitted). And "a plaintiff cannot establish standing by asserting an abstract general interest common to all members of the public, no matter how sincere or deeply committed a plaintiff is to vindicating that general interest on behalf of the public." Carney v. Adams, ___ U.S. ___, 208 L. Ed. 2d 305, 141 S. Ct. 493, 499 (2020) (citation and quotation omitted).
>
> None of the Plaintiffs has identified any concrete or particularized injury sufficient to confer standing under Article III. First, Plaintiffs fail to identify a personal injury arising out of the use of public funds incurred in the defense of the various County officials Plaintiffs have sued in several different lawsuits. At most, Plaintiffs have identified an injury to a public interest that is common to all members of the public. This is not a basis to satisfy the injury-in-fact requirement of standing. See Carney, 141 S. Ct. at 499. Second, Plaintiffs fail to identify sufficient allegations to support their theory that they suffered an injury to their right to campaign or vote. (See Compl. ¶¶ 31-34; Plaintiffs' Affidavits (Ex. 2 to the Complaint) (Dkt. No. 1-2 at 6-18) (seeking compensation for alleged loss of voting and campaigning rights, but not identifying any inability to have voted or campaigned).) Nowhere have Plaintiffs alleged that they were unable to vote or run for office or that they had any intention to do so. They have therefore failed to identify a concrete or particularized injury necessary to confer standing. And by failing to respond to the Motion to Dismiss, Plaintiffs have failed to provide any explanation or meet their burden to show standing.

(Dkt. No. 23 at 3-4.)

Plaintiffs' newly-identified evidence does not alter the fact that Plaintiffs continue not to have standing to pursue any of the claims alleged in this matter. Plaintiffs have not identified any personal injury sufficient to meet Article III's standing requirements. The Court therefore DENIES the Motion for Reconsideration and DENIES the Motion for Criminal Referral. This matter shall remain closed.

\\

1 | The clerk is ordered to provide copies of this order to Plaintiffs and all counsel.

2 | Dated June 4, 2024.

*[signature]*

Marsha J. Pechman
United States Senior District Judge

ORDER DENYING MOTION FOR RECONSIDERATION AND MOTION FOR CRIMINAL REFERRAL - 3